PEOPLE V UDDIN, No. 137545. The defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). Court of Appeals No. 285114.

SWINTON V MICHIGAN STATE UNIVERSITY, No. 137686; Court of Appeals No. 280135.

BREWSTER-AZARD V GENERAL MOTORS CORPORATION, No. 137699; Court of Appeals No. 286021.

KELLY, C.J. I would grant leave to appeal.

NEILL V STEEL MASTER TRANSFER, INC, No. 137727; Court of Appeals No. 279122.

KELLY, C.J., and HATHAWAY, J. We would grant leave to appeal.

TEMPLETON V MICHIGAN STATE UNIVERSITY, No. 137757; Court of Appeals No. 286198.

TRANDELL V THE VILLAGE CLUB, No. 137951; Court of Appeals No. 286429.

KELLY, C.J., did not participate due to her relationship with the defendant, The Village Club.

*Denial of Leave Vacated April 3, 2009:*

KYSER V KASSON TOWNSHIP, No. 136680. We vacate our order dated March 13, 2009. The application for leave to appeal the May 6, 2008, judgment of the Court of Appeals remains pending.

WEAVER, J., did not participate in this case because she has a past and current business relationship with Kasson Township Supervisor Fred Lanham and his family.

*Supplemental Briefing Ordered April 3, 2009:*

POTTER V MCLEARY, No. 136336. Oral argument having been heard on March 4, 2009, the parties are directed to submit supplemental briefs addressing the issue whether, if a defendant professional corporation is not an entity to whom notice is required to be provided under MCL 600.2912b, the applicable statute of limitations, MCL 600.5805(6), was nonetheless subject to statutory tolling provided in former MCL 600.5856(d). Plaintiff's supplemental brief is due April 17, 2009. The defense brief is due April 24, 2009. Court of Appeals No. 262529.

*Leave to Appeal Granted April 3, 2009:*

ADAIR V STATE OF MICHIGAN, Nos. 137424 and 137453. The applications for leave to appeal the July 3, 2008, judgment of the Court of Appeals are considered, and they are granted, limited to the issues: (1) whether the prohibition of unfunded mandates in Const 1963, art 9, § 29, requires the plaintiffs to prove specific costs, either through the reallocation of funds or out-of-pocket expenses, in order to establish their entitlement to a declaratory judgment; and (2) whether plaintiffs are entitled to recover the "costs

incurred in maintaining" this suit pursuant to Const 1963, art 9, § 32. Reported below: 279 Mich App 507.

PEOPLE V WILDER, No. 137562. On order of the Court, the application for leave to appeal the October 21, 2008, judgment of the Court of Appeals is considered, and it is granted, limited to the issue whether third-degree home invasion, MCL 750.110a(4), is a necessarily included lesser offense of first-degree home invasion, MCL 750.110a(2).

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issue presented in this case may move the Court for permission to file briefs amicus curiae. Court of Appeals No. 278737.

*Leave to Appeal Denied April 3, 2009:*

STOUT V WITHROW, No. 136442; Court of Appeals No. 271632.

MARKMAN, J. (*dissenting*). I dissent and would grant leave to appeal. Plaintiff offered to purchase a farmhouse after receiving a copy of the seller's disclosure statement, which advised plaintiff to obtain an inspection of the property. The offer was accepted, and plaintiff signed a purchase agreement wherein she agreed to purchase the property "as is" with no warranties, express or implied, from the seller or the real estate agent. Plaintiff also expressly waived a home inspection, and at the closing signed a "Purchaser's Satisfaction," in which she stated that she had examined the property, accepted it in its present condition, would hold harmless the realtor and its agents for any structural defects, "including sewer, septic, well, etc.," and that there were no other agreements, "oral or otherwise," beyond those set forth in the purchase agreement.

Soon after moving in, plaintiff discovered several structural problems with the sewer, septic system, and well. She sued the seller, the real estate firm, and its agent, settling only with the seller. The real estate firm and its agent filed a motion for summary disposition based on the release. Plaintiff opposed this motion, asserting that the agent had orally stated that it was unnecessary to obtain an inspection because the house was in "top-notch" condition. The trial court denied defendants' motion, and a jury verdict was rendered in plaintiff's favor. The Court of Appeals affirmed, holding that the agent's oral misrepresentations regarding the condition of the property amounted to "fraudulent or overreaching conduct" in procuring the release such that there was a question of fact whether the release was enforceable. Unpublished opinion per curiam, issued February 14, 2008 (Docket No. 271632), p 4.

What is significant here is that plaintiff: (a) expressly waived a home inspection, (b) agreed she was purchasing the property "as is," (c) agreed there were no express or implied warranties from the real estate firm or its agent, (d) agreed to hold defendants "harmless" for any structural defects, and (e) agreed there were "no other agreements." Nevertheless, it now appears that a disappointed purchaser of property can avoid the consequences of such written agreements, by merely asserting that allegedly "fraudulent" oral representations were made by an agent, and thereby require defendant to proceed to trial.